## LONIE SLACUM *v.* EASTERN SHORE TRUST COMPANY.

[No. 21, October Term, 1932.]

*Decided November 30th, 1932.*

The cause was argued before Bond, C. J., Adkins, Offutt, Parke, and Sloan, JJ.

*William N. Andrews,* for the appellant.

*Henry & Henry,* submitting on brief, for the appellee.

Sloan, J., delivered the opinion of the Court.

The appellee, the Eastern Shore Trust Company, sued the appellant, Lonie Slacum, for the balance on a promissory note purporting to have been signed by the appellant and his wife, Elizabeth C. Slacum. It is alleged that the note was dated December 20th, 1926, payable four months after date, and was purchased by the appellee from another bank at the request of the appellant, who represented it to be the note of himself and his wife. The declaration further charges: "That the name of Elizabeth C. Slacum on said note is not the signature of Elizabeth C. Slacum and was not placed on said note by the said Elizabeth C. Slacum or by any person acting under her direction or authority, but that the said name was fraudulently and wrongfully written on said note by the defendant, and that the plaintiff had no knowledge of said facts until long after the purchase of the note aforesaid."

The defendant filed two pleas: The first "that he never promised as alleged"; the second, that the defendant had filed a voluntary petition in bankruptcy on which he was

adjudged a bankrupt; that on May 2nd, 1930, he was discharged as a bankrupt debtor "from the debt or claim alleged in the declaration and that the alleged claim accrued before the filing of his petition in bankruptcy."

The plaintiff demurred to both pleas and the demurrers were both sustained. The defendant then pleaded the general issue short. The parties went to trial before the court sitting as a jury, and the judgment being for the plaintiff, the defendant appealed.

The only question on the appeal is the ruling on the demurrer. The appellant contends that his discharge in bankruptcy relieves him of the obligation, while the appellee contends that the debt of the appellant was based on his fraudulent representation that his wife signed the note, and that but for this the appellee would not have purchased the note, and that, under section 17 of the Bankruptcy Act of the United States (11 U. S. C. A., sec. 35), the obligation of the appellant is a debt "not affected by a discharge," the second clause of the section excepting, from the debts for which a bankrupt may be discharged, "liabilities for obtaining property by false pretenses or false representations." "As to the character of the pretenses or representations intended by the statute it may be said that a representation as to a fact made knowingly, falsely, and fraudulently for the purpose of obtaining money or property from another and by means of which such money or property is obtained, is a legal fraud within the statute." *Black on Bankruptcy,* sec. 744.

The theory of the appellant is that the appropriate remedy of the appellee would be in assumpsit. The appellee could have sued in assumpsit (*Poe's Pleading,* sec. 121; 1 *Chitty's Pleading* (16th Am. Ed.), \*1112), but it had its choice either so to sue on the promissory note or in trespass on the case for deceit, and it chose to do the latter. *Daniels' Negotiable Instruments,* sec. 1372 B; *Poe's Pleading,* secs. 198-201; *Brantly on Contracts* (2nd Ed.), sec. 184. "Where a contractual relationship exists between persons and at the same time a duty is imposed by or arises out of the circumstances

surrounding or attending the transaction, the breach of such duty is a tort and the injured party may have his remedy by an action on the case, or he may waive the tort and sue for the breach of the contract." 26 *R. C. L.* 986; *Weaver v. Shriver,* 79 Md. 530, 543, 30 A. 189. If the tort has once been waived, the defendant cannot afterwards be treated as a wrongdoer. *Lythgoe v. Vernon,* 5 Hurl. & N. 180; *Hanna v. Pegg,* 1 Blackf. (Ind.) 181.

It appearing that the facts recited in the declaration, if true, entitled the appellee to sue in trespass on the case, neither the general issue plea to an action on a simple contract (Code, art. 75, sec. 28, subsec. 41), nor the plea of bankruptcy, would be appropriate, and the demurrer to both pleas was properly sustained.

*Judgment affirmed, with costs.*