Merrimack, }
June 28, 1934. }

### PERLEY EASTMAN *v.* ROBERT HERRICK.

*Laurence I. Duncan* and *Robert W. Upton* (*Mr. Duncan* orally), for the plaintiff.

*Demond, Woodworth, Sulloway & Rogers,* by brief, for the defendant.

ALLEN, J.   The plaintiff's vehicle was one which by the statute (P. L., c. 90, s. 5) "whether stationary or in motion, on any public highway or bridge, shall have attached to it a light or lights, which shall be so displayed as to be visible from the front and rear" during the time of day from thirty minutes after sunset to thirty minutes before sunrise.

The claim that the plaintiff's use of a flashlight was a substantial compliance with the statute is not sustained. It would disregard the order made positive and definite without qualification that the light shall be attached to the vehicle. The lighting is to be continuous whether the vehicle is moving or at rest, and is to be visible continuously from both front and rear. To secure these conditions attachment is a practical need, for which substitutions would seem inadequate. No evidence of a legislative intent to permit other arrangements or methods generally or on particular occasions appears. No exception is made even when the city street is bright with artificial lights or the country road favored with moonlight. If there might be substitutions, a flashlight held in the hand can hardly furnish light visible ahead and behind at the same time.

Upon the inquiry whether the statute enacts that any injury occurring during its violation shall be held to be caused thereby, it is argued that the rule of causation declared in *Johnson* v. *Railroad*, 83 N. H. 350, to be prescribed for unlicensed driving of motor vehicles should be found to be adopted by the legislature for unlighted vehicles. In the *Johnson* case license for operating a motor vehicle on a highway was held to be so imperative a demand of the statute in its design to secure safety of travel that its violation was thereby made causal "in the strictest sense."

The statutory mandates that vehicles be equipped with lights are of course intended to aid in making highway travel safe, and they have no other purpose. Without considering how far the statutory purpose of revenue and identification in the requirement of registration of motor vehicles as decided in *Clark* v. *Hampton*, 83 N. H. 524, has been broadened to include safety by legislation (Laws 1933, c. 105; Laws 1931, c. 80) enacted since the decision, the statute requiring vehicles not self-propelled to have lights attached to them is a regulation to protect their occupants more than others. The danger of injury to others in driving by such means of travel is not relatively great. The amount of horse drawn travel is comparatively slight. Occupants of a team and bicycle riders are more likely to be hurt than to hurt others in a collision with a motor vehicle. It is more important for them to be seen than to see with the aid of lights.

The statute requires that the lights of such vehicles shall be visible, without specifying the distance to which they shall throw the light and without defining their strength, while for motor vehicle lights there are detailed requirements, as has been said. Selectmen may exempt the owner from observance of the statute (P. L., c. 90, s. 6)

and the penalty for violation is almost nominal (*Ib.*, *s.* 9). The statute was not enacted until after the advent of motor vehicles. Its design is apparent to safeguard against some of the perils from them more than to protect them. It seeks mainly to limit their victims.

It is accordingly not fair to assume that the duty of lighting in respect to teams and bicycles is commensurate with that in respect to motor vehicles. Whatever the sanctions of the latter duty may be, one required to do things in self-protection is not to be classed as a wrongdoer for his failure of duty to the extent that his failure is causal of results when under common law it is no more than an occasion of the situation not contributing to the injury, without a legislative declaration of purpose definitely expressed or clearly implied. No such purpose here appears.

The law imposes liability for carelessly injuring one engaged in illegal conduct if there is a legal relationship between him and the careless actor. *Dillon* v. *Company*, 85 N. H. 449, and cases cited. The former's illegal conduct may place him in a position to be injured, but unless it efficiently contributes to his injury, it is not legally causal. Here the plaintiff was not unlawfully on the highway, but, being lawfully on it, drove in an unlawful manner. As a traveler he was entitled to protection although violating the law of the road. Not being subject to the rule of causation enacted as a part of the statute considered in the *Johnson* case, still less could he be charged with having his team in the position of "an outlaw or trespasser upon the highways" (*Vidal* v. *Errol*, 86 N. H. 1, 3).

The burden of proof of the plaintiff's contributory fault was upon the defendant. *Morrison* v. *Railroad*, 86 N. H. 176, 178, 179. This includes the element of causation. What is to be proved is a fault of contribution. The evidence that the violation of the statute was an efficient cause of the accident is not conclusive. The defendant testified that he could see no more than fifteen or twenty feet ahead of him with his own lights, and a wagon light facing him might not have done better service to improve his view than the plaintiff's flashlight. A fog at the time and place of the accident was testified to, and with the defendant's manner of driving taken into account, it is not certain that a light attached to the wagon and meeting the statutory test of visibility would have been seasonably seen and heeded by him. The statute, in terms only calling for a light visible ahead and behind, requires merely that it shall be a reasonable one. One which will not be seen under fortuitous conditions lessening the usual distance of visibility may be reasonable although safety is thereby

also lessened.   If the light is visible under normal conditions so that others traveling properly may see it in time to avoid collision, that is sufficient.   It is not to be said as a conclusion of law that the flashlight, both in strength and in the manner it was displayed, fell short of such a test.

The motion for a directed verdict was properly denied.

The exceptions to the charge and to the denial of requested instructions center around the court's views that the statute was satisfied by an unattached light as good as it contemplated and that a violation of the statute was evidence of negligence, becoming negligence, if it "to any extent or in any degree" contributed to cause the accident. Both of these views are erroneous.   As already appears, the statute demands an attached light; and no substitutes, whatever their equivalence, meet the demand.   Also, "It is a misconception of the effect of a statute to treat the violation as evidence of negligence.   The statutory test is made an exact one, the act is made a wrong.   It differs fundamentally from negligence, where the test of ordinary conduct is to be applied."   *Johnson* v. *Railroad*, 83 N. H. 350, 358.

It is not perceived, however, that any harm could have been done by the statement of these views. So far as the jury were misled, their adoption of the errors was immaterial.   They were instructed that a violation of the statute which was a contributing cause of the accident was negligence barring recovery.   They were also instructed that the employment of an equivalent substitute of lights disproved causation.   The definement of a causal violation of the statute as negligence and the statement that an equivalent substitute satisfied the statute could not have affected the verdict if the essential and correct instructions were heeded.   While it would have been clearer and simpler to omit the errors of statement, it does not follow that the jury were confused or mistaken as to the law in its decisive application to the issues.   The law in respect to causation was correctly declared.   Causal violation of the statute, whatever it was called, was stated to bar recovery.   And an equivalent substitute, however lacking statutory permission, was properly said to disprove causation. Whether or not a violation of the statute was found, is not of consequence so long as causation was not found.   The verdict is not to be disturbed because of erroneous instructions which could not, under the correct instructions, have been acted upon in a manner to affect it. Hening's Dig., 1267.

*Judgment for the plaintiff.*

All concurred.