**In the Matter of Lewis Neal BRANCH, Individually and d/b/a Dream Shell Homes.**

**No. 24337.**

United States District Court
E. D. Tennessee, S. D.

May 21, 1964.

James S. Hyde, Jr., Chattanooga, Tenn., for bankrupt.

Cunningham, Crutchfield & Luther, Chattanooga, Tenn., for objecting creditor.

FRANK W. WILSON, District Judge.

This case is before the Court upon the petition of the bankrupt to review the action of the Referee in Bankruptcy in sustaining one of the grounds of objection to the bankrupt's discharge.

The petitioner, Lewis Neal Branch, individually and d/b/a Dream Shell Homes, was adjudicated a bankrupt upon October 19, 1962. August 12, 1963, was fixed by the bankruptcy court as the last date for filing objections to the petitioner's discharge. On March 15, 1963, Mills and Lupton Supply Company, Inc., filed objections to the bankrupt's discharge. Ground number one of the objections was sustained by the Referee in Bankruptcy and the petitioner was denied a discharge.

It is undisputed that the bankrupt was in the business of constructing shell homes. When a home was completed, the bankrupt would discount the note given by the buyer. Two such notes were discounted with Family Pride Homes, Inc., by the bankrupt upon homes purchased by Mr. and Mrs. William G. Burris and Louise M. Thomas. In discounting the notes to Family Pride

Homes, Inc., the bankrupt was required to file a sworn affidavit that all outstanding bills for labor and materials had been paid. It is undisputed that these affidavits were false, and known to be false, when given by the bankrupt to Family Pride Homes, Inc.

Contrary to the contentions of the bankrupt, the bankruptcy court found that it was not the practice of the industry involved to give false affidavits regarding the payment of labor and material bills. It was further found that Family Pride Homes, Inc., would not have extended credit to the petitioner if it had known that his affidavit was false and it was further found that the bankrupt gave the false affidavit here involved with an intent to deceive.

The petitioner makes the following contentions upon his petition to review: (1) The determination by the Referee was not justified by the evidence in that the objecting creditor failed to sustain its burden of proof. (2) The proof does not justify a finding of facts which would deny a discharge of the bankrupt under Section 14, sub. c in that the statements were not financial statements and Section 17, sub. a(2) would be applicable. (3) The proof does not justify the finding of the Referee that there was an intention to deceive by the bankrupt.

■ The Referee's findings of fact are conclusive upon this Court unless "clearly erroneous". See General Order No. 47. The Referee's findings with regard to the custom of the industry regarding the giving of false affidavits and the reliance of Family Pride Homes, Inc., upon the affidavits given by the bankrupt in this matter are clearly supported by the testimony of Harvey V. Thrower and Joseph W. Ray, Sr., who were vice presidents of Family Pride at the time the affidavits were made. The Referee found it necessary to prove an intent by the bankrupt to deceive, which was inferred by the Referee from the petitioner's actions in the matter. It was not denied by the petitioner that he gave false affidavits intentionally, his only defense being a custom in the industry to

do so. The Referee found no such custom. The Court is of the opinion that the finding of an intent to deceive by the Referee was not improper upon the evidence before him and is not clearly erroneous. For example, see David v. Annapolis Banking & Trust Co., et al., 209 F.2d 343 (C.A.4th, 1953), where a reckless disregard of the actual facts was held sufficient to prevent a discharge in bankruptcy.

■ Section 14, sub. c(3), 11 U.S.C. § 32, sub. c(3), provides that

"(c) The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) while engaged in business as a sole proprietor, partnership, or as an executive of a corporation, obtained for such business money or property on credit or as an extension or renewal of credit by making or publishing or causing to be made or published in any manner whatsoever a materially false statement in writing respecting his financial condition or the financial condition of such partnership or corporation * * *."

The above-quoted section is as amended in 1960 by Public Law 86–621. Petitioner contends that under the section as now written, a false statement is no longer grounds for objection to a general discharge. The purpose of the amendment was to eliminate the making of a false financial statement as a ground of objection to the discharge of an *individual* and the law with respect to businesses remained the same. See 1960 U.S.Code Cong. and Adm.News, pp. 2954–2956. The testimony of the petitioner clearly shows that at least a portion of the money received from Family Pride Homes, Inc., in discounting the notes and affidavits in the instant case was for the purpose of running the bankrupt's business.

■■ Turning now to the remaining contentions of the petitioner, no authority is cited for the contention that the false affidavits involved in this case would not fall within Section 14, sub. c

(3) and the Court is aware of none. The Act specifies a false statement regarding the financial condition of the business. Section 17, sub. a(2), 11 U.S.C. § 35, sub. a(2), does not govern the right to a discharge, only the effect thereof. In re Andrews, 47 F.2d 949 (D.C.1945).

It is the opinion of the Court, therefore, that the findings of the Referee were correct in all respects.

An order will enter accordingly.