Lewis N. BRANCH, Individually and
d/b/a Dream Shell Homes,
Bankrupt-Appellant,

v.

MILLS & LUPTON SUPPLY COMPANY,
Objecting Creditor, Appellee.

No. 16095.

United States Court of Appeals
Sixth Circuit.

July 21, 1965.

James S. Hyde, Jr., of Wilkerson &
Hyde, Chattanooga, Tenn., for appellant.

W. B. Luther, Chattanooga, Tenn.
(Cunningham, Crutchfield & Luther,
Chattanooga, Tenn., on the brief), for appellee.

Before O'SULLIVAN and PHILLIPS,
Circuit Judges, and MATHES, Senior
District Judge.*

PER CURIAM.

The bankrupt, who was engaged
in the business of building shell homes,
admitted that he furnished false affidavits for the purpose of obtaining a
loan. One of the creditors filed specifications of objections to his discharge.

The referee in bankruptcy sustained
the objections to the discharge in a memorandum opinion containing findings of
fact and conclusions of law, saying:

"One of the objects of the Act is to
release an honest and insolvent person from his debts. From this evidence it does not appear that this
bankrupt was honest in his dealings
with his creditors and the public.
While he claims that it was a recognized practice of the trade and
that he had made this same affidavit
in many other cases, that does not
cure the fact that he swore falsely to
a material fact for the purpose of
obtaining a loan. The giving of an
oath, either written or oral, should
be treated as sacred. This bankrupt's act of swearing falsely for the
purpose of obtaining a loan is not
indicative of such honesty as Congress intended to protect.

\* \* \* \* \* \*

"I find as a fact that the bankrupt
swore falsely, or made a false statement in writing, to material fact for
the purpose of obtaining credit or
property from Family Pride Homes,
Inc., in Atlanta, Georgia, and that he
knew at the time these statements
were made they were false. I further find that Family Pride Homes,
Inc., to whom the statements were

---

\* William C. Mathes, Senior District Judge, Southern District of California, sitting by designation.

made, relied upon them in extending the credit."

On petition to review, District Judge Frank W. Wilson held the findings of the referee to be correct in all respects, in a comprehensive opinion reported at 242 F.Supp. 534.

■ We find that the pertinent facts and applicable law are correctly set forth in the opinion of the district court. Concurrent findings of fact by a referee and a district judge will not be set aside on appeal "on anything less than demonstration of plain mistake." In re Berman & Company, Bankrupt, 343 F.2d 125, 126 (C.A. 6); In re D. I. A. Sales Corporation, 339 F.2d 175, 178 (C.A. 6).

Affirmed.