Hillsborough,
No. 5373.

## MAC FINANCE PLAN OF NASHUA

*v.*

## EARL E. STONE.

Argued October 5, 1965.
Decided December 7, 1965.

518

*Normand R. Pelletier* (by brief and orally), for the plaintiff.

*Alphonse J. Raudonis* and *Jerome L. Silverstein* (*Mr. Raudonis* orally), for the defendant.

BLANDIN, J. The substantial issue here is whether the jury were properly instructed. We have often held that it is the duty of the Trial Court "to fully and correctly instruct the jury as to the law applicable to the case (*Burke* v. *Railroad,* 82 N. H. 350, 361) and to so phrase his instructions that it was reasonably certain the jury understood them. *West* v. *Railroad,* 81 N. H. 522, 532." *Davis* v. *State,* 94 N. H. 321, 323. The two axioms expressed above are of practically equal importance. Obviously the jury must be correctly instructed, and equally obviously, the Court's terminology must be such that laymen who are practically minded, but unversed in legal terms, can know what rules they are to apply. See *Cohn* v. *Saidel,* 71 N. H. 558, 571; *Wood* v. *Insurance Company,* 89 N. H. 524, 527.

In the present case, the basic issue was simple. It was whether the defendant obtained a loan from the plaintiff by making a materially false financial statement upon which the plaintiff honestly relied. If so, the defendant is liable for the balance of the amount borrowed under pertinent provisions of the Bankruptcy

Act (11 U.S.C.A., s. 35 (a)(2) ), which provides that a bankrupt shall not be discharged from "liabilities for obtaining money or property by false pretenses or false representations . . . . "

The defendant concedes that the Court charged the jury correctly on the burden of proof and the purpose of the Bankruptcy Act. To determine whether the charge sufficiently covered the remaining essential principles of law applicable to the case, it is necessary to compare it with the defendant's requests. Numbers III through IX asked the Court in various terms to state the elements of fraud which the plaintiff had to prove to recover. With relation to this, the Court instructed the jury as follows:

"Now, all the debts of a bankrupt listed in the bankruptcy schedule are discharged upon issuance of the certificate of discharge, with certain exceptions. Now, you will have . . . the receipt of discharge of Mr. Stone and also his schedule of assets and liabilities relative to his bankruptcy. Now, as I said before, one of the exceptions is a debt arising out of a money loan, on the basis of the debtor procuring the money by a materially false financial statement. . . . Now, under New Hampshire law, misrepresentation of a material fact to a person not having equal means of knowledge, with the intent that he act on it, and he does act on it and is damaged as a result of his action. Or concealment of a material fact from a person not having equal means of knowledge, with the intent that he act on it, that he does act on it and is damaged as a result of his action. That is our definition of fraud in New Hampshire. Now, to go further, if the defendant makes a misrepresentation as to a material fact, with a fraudulent intent that the plaintiff act on it and the plaintiff, honestly believing it, does act on the statement to his detriment, the defendant is liable, even though the plaintiff was negligent in not becoming aware of the misrepresentation."

It thus appears that the jury were told that to find the defendant liable they must believe (1) that he misrepresented a material fact to the plaintiff; (2) with a fraudulent intent that the latter act upon it; and (3) that the plaintiff, honestly believing the misrepresentation, did act upon it to his detriment. This was a proper instruction upon the subject. *Hall* v. *Company,* 91 N. H. 6; *Lampesis* v. *Comolli,* 101 N. H. 279; Seavey, Fraud in New Hampshire, 1 N. H. B. J., No. 1, *p.* 16.

The defendant, in accordance with his requests, III and IV, urges that the Presiding Justice should have elaborated on the difference between a statement of fact and one of opinion. It is

believed that a jury understands the difference between a state-. ment of fact and one of mere opinion, at least until courts or lawyers, by drawing subtle distinctions and using many words, try to explain it to them. Throughout the case, counsel stressed that any misrepresentation must have been one of fact and not opinion. The Court charged unequivocally that the misrepresentation must have been one of material fact. This must have made the distinction clear to the "practical, but non professional minds of jurymen." *Cohn* v. *Saidel,* 71 N. H. 558, 571. We believe no exception to the charge lies on this score. *Wood* v. *Insurance Co.,* 89 N. H. 524, 527.

The pertinent portions of the defendant's request No. XI in substance would have required the Court to charge that if the plaintiff neglected to make "a diligent and prudent investigation" of the defendant's finances, then its "carelessness or negligence" barred it from recovery. This is not our law, and the Court rightly refused to give the request. The negligence of the plaintiff is no defense if the defendant's conduct be fraudulent. *Smith* v. *Pope,* 103 N. H. 555. See Seavey, Fraud in New Hampshire, 1 N.H.B.J., No. 1, *p.* 16, 23-24.

Defendant's requests Numbers XII — XIV and also XVI in effect ask the Court to instruct the jury that the plaintiff would be bound by the conduct of its agent and branch manager Scott, and if the latter did not require an honest statement or rely upon it or aided the defendants in giving a false one or knowingly acquiesced in their making such, then the plaintiff could not recover. On this phase of the matter, in addition to the portion of the charge already quoted, the Court instructed the jury as follows:

"Now, I would like to make a comment relative to the action of M.A.C. Finance Plan, Inc., regarding the authority of Mr. Scott, as manager of that firm. Now, the Court instructs you that M.A.C. Finance Plan of Nashua, Inc. is bound by any statement or representation made by Earl or Theresa Stone to Robert Scott, whether such statement was written or oral, which put the plaintiff on notice or may have alerted the plaintiff to the indebtedness not listed on the application for the loan or the financial statement. Now, that's within your province — whether or not you believe Mr. Scott or Mr. Stone or Mrs. Stone."

An examination of the record, including the arguments of counsel, discloses that the plaintiff finance company and its agent and branch manager Scott were treated by both counsel with the tacit approval of the Court as one and the same. Scott was

the only witness for the plaintiff and he was referred to by defendant's attorney as the plaintiff "MAC Company." It thus seems clear that the jury understood that the plaintiff in this case could act only through its agent Scott and that his knowledge and acts were in effect the plaintiff's and binding upon it.

The Court, as previously stated, charged correctly the elements of fraud which the plaintiff had to prove to recover. The jury are presumed to have followed these instructions. *Whipple* v. *Railroad*, 90 N. H. 261, 267. Since the plaintiff and Scott in the circumstances here were in legal contemplation one and the same and in practical application had been so represented to the jury, the latter must have understood that if Scott aided the defendant in making a false statement or knew that it was false, the plaintiff could not have honestly relied upon it, as was necessary in order for it to recover. In this situation, there was no occasion for the Court to repeat principles as applicable to Scott alone which had already been given to the jury as applicable to the plaintiff. Nor was it necessary that when a proper rule of law had been given to the jury to restate it in other terms or to state the converse of it. *MacLeod* v. *Caprarello*, 95 N. H. 343, 346. In brief, while the charge was phrased "in general and abstract terms rather than specific and concrete ones, we cannot say that it misled or confused the jury under circumstances of this case." *Butler* v. *King*, 99 N. H. 150, 153. It follows that the defendant's exceptions to the failure of the Court to give these requested instructions cannot prevail.

The remaining requests of the defendant, being Numbers I, II, X, XV, and XVII, were all covered by the charge in substance. It was not necessary for the Court to use the identical language which the requests suggested. *Smith* v. *Railroad*, 88 N. H. 430.

The questions objected to by the defendant during his cross-examination bore on his credibility and were admissible for that purpose. Since the defendant did not request that the use of the evidence be limited, he takes nothing by this exception. *Smith* v. *Railroad*, 87 N. H. 246; *Welch* v. *Coleman*, 95 N. H. 399, 404.

In regard to the defendant's motions for a nonsuit and directed verdict, it appears unnecessary to detail the testimony, since viewing the evidence and all inferences therefrom in the light most favorable to the plaintiff (*Lamarche* v. *Granite State &c. Ins. Co.*, 101 N. H. 210), we find that the case was properly submitted to the jury, and the defendant's exceptions are overruled.

His motion to set aside the verdict as against the weight of the evidence does not appear to present a serious question. We cannot say upon the record that the preponderance in his favor was so great that it appeared clearly and definitely that the jury did not act properly or failed to consider the evidence intelligently. *Wisutskie* v. *Malouin,* 88 N. H. 242. It could not be found that the Trial Court acted unreasonably in denying the motion, and it follows that the defendant takes nothing by his exception to the Court's action. *Morin* v. *Manchester Housing Authority,* 105 N. H. 138, 140.

All other exceptions having been examined and none being found to be sustainable, the order is

*Judgment on the verdict.*

All concurred.