Belknap,
No. 6406.

Richard P. Brouillard, Adm'r
of the Estate of Edward L. Sharon.

*v.*

Saunders Brothers, Inc.

November 3, 1972.

*Upton, Sanders & Upton (Mr. J. Gilbert Upton* orally) for the plaintiff.

*Nighswander, Lord, Martin & KillKelley (Mr. Willard G. Martin, Jr.,* orally) for the defendant.

Grimes, J. This is an appeal from a plaintiff's jury verdict in an action brought to recover for the death of Edward L. Sharon resulting from a log rolling off a truck. The issues raised by defendant's exceptions and transferred by *Keller,* C.J., are whether Sharon was contributorily negligent as a matter of law and whether the trial court erred in not submitting to the jury the question whether Sharon was contributorily negligent for loading the truck in excess of the weight per-

mitted by RSA 263:61(VIII) (a). We decide these issues in the negative and sustain the verdict.

Edward L. Sharon was a logging contractor who had agreed to sell logs to the defendant. It was his responsibility to load the logs on defendant's flatbed trailers which would be left at the logging site and when loaded would be hauled away by truck tractors operated by defendant's employees.

On December 27, 1966, Sharon or one of his employees loaded a trailer. It was loaded above the stakes on the driver's side. That afternoon, defendant's driver Dow arrived with a tractor and an empty flatbed. He left the flatbed at the town road and proceeded with the tractor over Sharon's logging road to the logging site about a quarter of a mile away. On arrival, he attached the loaded trailer to the tractor. The trailer was loaded with two tiers of logs. RSA 263:68 prohibits the operation on the highways of this State of a motor truck trailer loaded as this one was unless each tier of logs is bound by three chains of three-eighths inch wire properly spaced to secure the load. Dow had left his six chains on the empty trailer at the town road and had no chains to bind the load at the logging site.

One Thomas, an employee of Sharon's, asked Dow how he expected to get out without chains. Dow shrugged and Sharon suggested that Thomas give him two of his chains. Thomas removed the center chains from a load he had ready to be moved which had been secured with three chains for each of two tiers. Dow then secured each of the tiers on his trailer with one of the loaned chains and proceeded out the logging road with Sharon following on foot. The rig became stuck in a bad place in the logging road and had to be pulled out. On arrival at the town road, Dow pulled out onto the road and stopped. Sharon was in the process of walking alongside of the driver's side of the truck between it and the snow bank when the top log of the rear tier rolled off and killed him.

Defendant argues that its motions for nonsuit and directed verdict should have been granted since Sharon participated in securing the log with only one chain for each tier and either he or his employees loaded the logs above the stakes. It also contends that he was contributorily negligent for walk-

ing alongside the load when he knew or should have known that, due to the way the trailer was loaded and secured and of the difficulty encountered on the logging road, there was danger of a log rolling off.

Although Sharon and his men did not usually load above the stakes, it was not necessarily negligent to do so. It was reasonable for Sharon to expect at the time of loading that defendant's driver would bind the load with three chains for each tier as required by the statute. It is findable that if this had been done the accident would not have occurred even with the logs loaded above the stakes. It is true Sharon loaned the two chains to Dow, but the cause of the accident was not due to the two chains but due to the lack of more chains. There was no obligation on the part of Sharon to loan any chains. The fact that he loaned two, which made the load safer than if it had none, does not make him responsible for the load not being bound by more than one chain per tier. This was due to the fact that Dow had left his chains at the town road.

Neither can we hold Sharon contributorily negligent as a matter of law because he walked alongside the trailer after it stopped on the town road. The burden on this issue was on the defendant. RSA 507:8 (repealed by Laws 1969, 225:2); *Richards* v. *Crocker,* 108 N.H. 377, 379, 236 A.2d 692, 693 (1967). Even if we should charge Sharon with encountering a known danger, the defendant had the burden of proving that he exercised no care at all for his own safety in so doing. The jury was warranted in finding that Sharon could reasonably rely upon the security of the load at the town road since it had survived the rigors of the logging road including the incident where the rig had to be pulled out of a hole in which it had become stuck. The evidence did not compel a finding that he was negligent in walking beside the trailer after it reached a state of rest.

Defendant also contends that it was error for the trial court not to instruct that RSA 263:61(VIII) (a) prohibits the operation on the highways of this State a vehicle such as the one here involved with a gross weight in excess of 73,280 pounds. There was evidence that the gross weight of the vehicle in question was 85,820 pounds. It is argued that if the weight

had been confined to the statutory limit, the logs would not have been above the stakes.

Whether it was causal negligence to load the logs above the stakes was a separate issue in the case and related to the height of the load and not the weight. RSA 263:61(VIII)(a) relates to the weight of the load and not the height. The fact that the load would have been lower if it had been lighter bears no relationship to the purposes of the statute. The request was properly denied. *Davy* v. *Greenlaw,* 101 N.H. 134, 135 A.2d 900 (1957).

*Judgment on the verdict.*

All concurred.