Strafford
No. 6615

CHARLES POULIN v. IRENE PROVOST

JEANNETTE POULIN v. SAME

April 30, 1974

*Shaines, Madrigan & McEachern (Mr. Paul M. McEachern* orally) for plaintiffs, Charles and Jeannette Poulin.

*Sheehan, Phinney, Bass & Green* and *Lee W. Mercer (Mr. Mercer* orally) for defendant, Irene Provost.

LAMPRON, J.  Action by Charles Poulin for personal in-

juries and by his wife, Jeannette, for loss of consortium resulting from a collision in Epping on March 30, 1968, between a car driven by Charles and one operated by Irene Provost. Trial by jury before *King*, J., resulted in verdicts for the defendant. Plaintiffs filed motions to set aside the verdicts which were denied and exceptions were transferred to this court.

The grounds for the motions, which are the issues on this appeal, were that the trial court erred in failing to charge (1) that the burden of proving contributory negligence on the part of Charles Poulin was upon the defendant, and (2) that Charles had a right to anticipate that the defendant would not disobey the traffic laws.

The general purpose of the trial court's charge to the jury is to state and explain to them in clear and intelligible language the rules of law applicable to the issues of fact upon which their verdict is to be based. *Cyr v. Sanborn*, 101 N.H. 245, 250, 140 A.2d 92, 96 (1958). The test of the adequacy of a charge is whether it fairly presented the case to the jury in such a manner that no injustice was done to the legal rights of the litigants. *MAC Finance Co. v. Stone*, 106 N.H. 517, 518, 214 A.2d 878, 879 (1965). The issue presented is whether the charge as a whole was such that it may have led the jury to return wrong verdicts. *West v. Railroad*, 81 N.H. 522, 129 A. 768 (1925); *Burke v. Railroad*, 82 N.H. 350, 137 A. 574 (1926); *see Cohn v. Saidel*, 71 N.H. 558, 571, 53 A. 800, 806 (1902); *United States Fidelity &c. Co. v. Minault*, 96 N.H. 168, 173, 72 A.2d 161, 165 (1950); *Theriault v. Vanasse*, 111 N.H. 155, 158, 277 A.2d 313, 315 (1971).

The first error relied on by the Poulins is that the trial court failed to charge that on the issue of contributory negligence the burden of proof is on the defendant. There is no doubt that RSA 507:8, in effect at the time, placed this burden on the defendant. *Brouillard v. Saunders, Inc.*, 112 N.H. 389, 391, 296 A.2d 921, 923 (1972). It is equally true that the trial court should charge the jury to this effect in a meaningful manner. *Quint v. Porietes*, 107 N.H. 463, 225 A.2d 179 (1966). The narrow issue presented is whether in the circumstances of this trial the court's fail-

ure to do so misled the jury to the prejudice of the plaintiffs.

The trial consisted of an action by Charles Poulin for personal injuries and an action by Jeannette Poulin for loss of consortium resulting therefrom, both against Irene Provost. Jeannette also sought to recover against this defendant for damage to her car. Irene Provost in turn had a cross action against Charles Poulin for personal injuries also which was tried with the other actions. The Poulins as plaintiffs charged Irene Provost as defendant with negligence generally and with causal violation of RSA 262-A: 70 I pertaining to stopping or parking in a highway. Irene Provost in turn in her action as plaintiff charged Charles Poulin as defendant with failure to keep a proper lookout and to keep his car under proper control. The same charges of negligence made to seek recovery from a party defendant were the charges of contributory negligence made to prevent him or her from recovering as plaintiff. The parties in their dual capacities introduced the evidence on which the jury was to decide the issues of their negligence or contributory negligence.

It is well-established law that the trial court's charge must be examined and judged as a whole. *Allen v. State,* 110 N.H. 42, 45, 260 A.2d 454, 457 (1969). Even though particular instructions may be erroneous this is not grounds for a new trial if the charge taken as a whole could not have conveyed to the jurors an erroneous conception of the law which resulted in wrong verdicts. *March v. The Portsmouth & Concord Railroad,* 19 N.H. 372, 377 (1849); *Eastman v. Herrick,* 87 N.H. 58, 61, 173 A. 807, 809 (1934); *cf. Hall v. Insurance Co.,* 90 N.H. 191, 196, 6 A.2d 172, 176 (1939). Both Charles Poulin and Irene Provost were plaintiffs and defendants in these cross actions so that neither was required by the charge to carry a burden, or to be relieved from one, which was not also shared with the other party. Furthermore the jury posed the following question to the trial court during their deliberations: "If we find both parties negligent, how do we sign verdict slips." This indicates that the lack of instructions on the burden of proof as to contributory negligence could not have affected their

verdicts. *Eastman v. Herrick supra*. We find no prejudice to the plaintiffs in the charge as a whole which requires setting aside these verdicts and ordering a new trial because of the lack of a charge on the burden of proof on the issue of contributory negligence.

Plaintiffs also claim that the verdicts should be set aside because of the trial court's failure to charge, according to their requests, that Charles Poulin had the right to rely on the fact that other drivers, including Irene Provost, would operate their vehicles with due care toward him. The court charged that "both plaintiffs were required to use or exercise reasonable care for their own safety and to obey the vehicle and traffic laws regulating traffic at the scene." Although not in the words of plaintiffs' request, the charge was adequate to cover the issues. *Corbeil v. Rouslin,* 112 N.H. 295, 297, 293 A.2d 760, 761 (1972); *see Himmel v. Finkelstein,* 90 N.H. 78, 79, 4 A.2d 657, 658 (1939); *Fine v. Parella,* 92 N.H. 81, 25 A.2d 121 (1942). This is especially true in the context of these cases where the parties were both plaintiffs and defendants at the trial with the other action resulting from this accident. Plaintiffs' exceptions are overruled and the order is

*Judgments for the defendant.*

All concurred.