Cheshire
No. 83-326

## PHILIP L. FLETCHER & a.

### v.

### JOHN KUNZE

July 27, 1984

*Brown & Nixon P.A.*, of Manchester (*Michael P. Hall* and *Frank E. Kenison* on the brief, and *Mr. Kenison* orally), for the plaintiffs.

*A. J. McDonough P.A.*, of Manchester (*Brian T. McDonough* on the brief and orally), for the defendant.

BATCHELDER, J.  In this personal injury case, the jury returned a verdict for the defendant, John Kunze. The plaintiffs, Philip and Wilma Fletcher, appeal, alleging that the Superior Court's (*Dalianis*, J.) instructions to the jury were misleading. We affirm.

While employed by Cheshire Landscaping Service, Inc., Philip Fletcher was injured when he was struck by the bucket of a backhoe operated by Albert Hurd, a co-employee. In their writ, the plaintiffs alleged that the defendant, the supervisor of Fletcher and Hurd, was negligent in instructing and supervising Hurd in the operation of the backhoe and in entrusting him with its use.

In its charge to the jury, the court first discussed the general principles of tort liability—negligence, causation and damages. The court then focused on the specific theories of the plaintiffs' case, explaining that the defendant owed Fletcher the duty to use reasonable care in instructing, supervising and entrusting Hurd.

Continuing with a discussion of proximate cause, the court stated:

> "Even if you find that Mr. Kunze failed to provide proper training and/or supervision to Mr. Hurd, this doesn't mean that Mr. Fletcher is automatically entitled to recover his damages. You must also find that such a failure to adequately train and/or supervise, if any, was the proximate cause of Mr. Fletcher's injuries . . . . In other words, if you should find that the accident probably would have occurred regardless of the extent of Mr. Kunze's training and/or supervision of Mr. Hurd, then Mr. Kunze's conduct was not the proximate cause of Mr. Fletcher's injuries and he wouldn't be entitled to recover."

The plaintiffs argue that the omission from these instructions on proximate cause of any reference to their negligent entrustment

theory may have misled the jury. The plaintiffs reason that the jury could have believed that the defendant could be found liable only if Fletcher's injuries were caused by the defendant's negligent instruction or supervision of Hurd.

■■ The purpose of the trial court's charge is to state and explain to the jury, in clear and intelligible language, the rules of law applicable to the case. *Poulin v. Provost*, 114 N.H. 263, 264, 319 A.2d 296, 297 (1974). Once the jury has been fully instructed on the law of the case and the theories of the parties, it is within the discretion of the court to determine the extent to which the law is given specific application to the parties' theories. *Allen v. State*, 110 N.H. 42, 45, 260 A.2d 454, 457 (1969).

■ In this instance, the court applied the law of causation to two of the plaintiffs' theories but not to their negligent entrustment theory. Because of this omission, we must examine the jury charge as a whole and determine whether "it fairly presented the case to the jury in such a manner that no injustice was done to the legal rights of the litigants." *Poulin v. Provost supra*. If the charge as a whole was such that it may have led the jury to return a wrong verdict, the verdict must be set aside. *Id.* at 264, 319 A.2d at 298.

In its charge, the court applied the law of proximate cause to the plaintiffs' negligent entrustment theory twice prior to the allegedly misleading instructions. In discussing negligence, the court explained that:

> "John Kunze owed a duty to Philip Fletcher to use reasonable care in *selecting* [entrusting] the person to operate the backhoe. If you find that John Kunze knew or should have known that Albert Hurd lacked sufficient experience and skill to operate the backhoe safely and that this lack of experience *caused or contributed to cause* Philip Fletcher's injuries, then you should find John Kunze at fault."

Additionally, the court began its discussion of proximate cause by stating:

> "You may find against Mr. Kunze only if . . . Mr. Fletcher has proved to you . . . that Mr. Kunze failed to act reasonably in selecting, training, *entrusting* or supervising the operations of the backhoe in Mr. Hurd's control and that such negligence was the *proximate cause* of Mr. Fletcher's injuries."

The court then gave that portion of the charge which applied the principles of proximate cause to the plaintiffs' theories of negligent

supervision and instruction but omitted any reference to the plaintiffs' claim of negligent entrustment.

These instructions, explaining the plaintiffs' theories of liability and the law of proximate cause, are contained within three pages of the transcript of the jury charge. Given the specific references to the relationship between negligent entrustment and proximate cause, and the proximity of these references to the allegedly misleading instructions, we cannot say that the jury could have been misled into believing that a verdict for the plaintiffs could be returned only if the defendant failed to adequately train or supervise Hurd. The court's application of proximate cause to the plaintiffs' theories of negligent instruction and supervision clearly was an elaboration of the previously given instructions, and not a limitation. Thus, viewing the jury charge as a whole, we conclude that no injustice was done to the legal rights of the litigants.

*Affirmed.*

KING, C.J., did not sit; the others concurred.