Merrimack, April 4, 1944. } No. 3464.

ELMER B. OSGOOD, *Adm'r*

*v.*

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the plaintiff.

*Sulloway, Piper, Jones, Hollis & Godfrey* (*Mr. Jones* orally), for the defendant.

BRANCH, J.   The bill contains no allegation that the defendant knew of, or participated in the alleged fraudulent purpose of the decedents, and the case must, therefore, be considered upon the assumption that it acted in good faith.

The law governing this case is found in R. L., *c.* 419 (The Uniform Fraudulent Conveyance Act), *s.* 4, which reads as follows: "4. CONVEYANCE, BY INSOLVENT.   Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration."   A "fair consideration" is defined in *s.* 3, as follows: "3. FAIR CONSIDERATION.   Fair consideration is given for property or obligation: I. When in exchange for such property or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied."   See *Bean* v. *Quirin*, 87 N. H. 343, 346, 347.   The statute here and in the later sections 8 and 9, gives recognition to the defense of *bona fide* pur-

chase. Restatement of Restitution, *s.* 172. "The law protected the innocent purchaser before as it has since the adoption of the uniform act." *Qua,* J., in *Barishefsky* v. *Cohen,* 299 Mass. 360; *Hogan* v. *Berman,* 310 Mass. 259, 262.

In exchange for the $5,500 which they delivered to the defendant, the Websters received the defendant's policy No. 1,441,266, by which it bound itself to make the annuity payments above referred to. That such a contract constitutes "fair consideration" for a transfer of property was specifically held in *Rishel* v. *Company,* 78 F. (2d) 881, and *Rinn* v. *Company,* 89 F. (2d) 924. With the decisions in these cases we are in full accord.

We are not impressed by the argument of the plaintiff that "the defendant's undertaking, made in exchange for $5,500, was neither a conveyance of property nor the satisfaction of an antecedent debt." Defendant's policy, above referred to, executed and delivered in exchange for $5,500, was clearly a non-negotiable chose in action, and we have no hestiation in holding that it was "property" within the contemplation of section 3 of the act.

The plaintiff relies upon the case of *Albee* v. *Webster,* 16 N. H. 362, in which a debtor conveyed property to his son in return for the latter's agreement, secured by mortgage, to support and maintain the father and his family. It was there said: "The vendee cannot complain that the law requires of him before he relies upon such a contract, to inquire and ascertain that there are no creditors to be prejudiced by the transfer." Whatever may have been the case in 1844 when this decision was rendered, we are clearly of the opinion that the above quotation does not correctly state the law today, since it is inconsistent with the provisions of the statute above quoted. A requirement that the vendee must "inquire and ascertain that there are no creditors to be prejudiced by the transfer" would impose a new condition upon the defense of *bona fide* purchase, a defense which is clearly recognized in sections 3, 4, 8 and 9 of the act. It is, therefore, our conclusion that the defendant gave "fair consideration" for the money which it received and that its demurrer should be sustained.

*Demurrer sustained.*

All concurred.