Hillsborough
No. 6702

HAROLD C. WELCH

v.

ROLAND E. BERGERON

April 30, 1975

*Winer, Lynch, Pillsbury & Howorth (Mr. Robert W. Pillsbury* orally) for the plaintiff.

*Leo R. Lesieur,* by brief and orally, for the defendant.

KENISON, C.J. Plaintiff brought an action to recover damages for false imprisonment and malicious prosecution resulting from a criminal complaint against him signed by defendant in 1971. Trial by jury resulted in a verdict for defendant. *Mullavey,* J., reserved and transferred plaintiff's exceptions to various rulings of the trial court. The questions in this appeal are whether the trial court erred in dismissing the count for false arrest, in making certain evidentiary rulings and in failing to give several jury instructions.

Since 1960 defendant, Roland E. Bergeron, has been a part-time building inspector for the town of Litchfield, New Hampshire. For about twenty years plaintiff, Harold C. Welch, has been a builder of homes in the vicinity of Nashua, New Hampshire, including the town of Litchfield. In the course of pursuing their respective professions, plaintiff and defendant have had several less than amicable contacts.

In the evening of April 14, 1969, a dispute developed between Welch and Bergeron concerning the issuance of a building permit during which Welch became irate, calling Bergeron a "son of a bitch" and threatened to "get [him] one way or another." Later that night Bergeron returned to his car to find that the mouth of his gas tank had been plugged with cement. During a dispute over the suitability of a septic system on August 1, Welch became angry again, threatening that he was "going to make arrangements to have [Bergeron ] taken care of."

At about 1 a.m. on August 13, 1969, flammable liquid in a glass container was thrown through a window of Bergeron's home on Route 3-A in Litchfield. Although defendant saw a car drive away, he was unable to identify either the car or the driver. That night at about 6 p.m., Bergeron received an anonymous telephone call, telling him to " [l ]ay off builders. Next time it will be a bomb." In September and November, Bergeron and his family received additional anonymous, threatening calls.

More than one year later in September 1970, a former employee of Welch, Jules Champagne, told Bergeron that Welch had offered him $200 to harm Bergeron's person or damage his dwelling house.

Acting on the advice of his attorney, defendant spoke with an assistant attorney general on September 16. Although Bergeron had not requested a complaint to be drawn, he signed a complaint for Welch's arrest at the Nashua District Court on June 24, 1971.

Pursuant to the complaint Welch was arrested for attempted arson in June 1971 and was incarcerated for about three hours. At a preliminary hearing at the Nashua District Court on July 15, no probable cause was found. As a result of a grand jury indictment for attempted arson in September 1971, Welch was tried in Hillsborough County Superior Court, but the action was dismissed at the end of the State's case.

### I. Dismissal of the Count for False Imprisonment

Plaintiff argues that the trial court erred in dismissing the count for false imprisonment. False imprisonment has been defined as the unlawful restraint of an individual's personal freedom. W. Prosser, Torts § 11, at 42 (1971); *Hickox v. J.B. Morin Agency, Inc.,* 110 N.H. 438, 442, 272 A.2d 321, 323 (1970); 1 F. Wharton, Criminal Law and Procedure § 385, at 750 (R. Anderson ed. 1957). An essential element of the offense is the absence of valid legal authority for the restraint imposed. W. Prosser *supra;* 4 F. Wharton, Criminal Law and Procedure § 1585, at 229 (R. Anderson ed. 1957).

It is the plaintiff's position that his arrest in June 1971 lacked valid legal authority because the complaint was rendered void on its face by its failure to state facts sufficient to constitute the offense of attempted arson. *See* 4 F. Wharton, Criminal Law and Procedure § 1586, at 231 (R. Anderson ed. 1957). The criminal complaint alleged in part that defendant "did hire a person or persons unknown to willfully and maliciously set fire to the dwelling house of one Roland Bergeron for a sum of money, that as a result thereof a flammable liquid in a glass container was thrown through a window of Bergeron's dwelling house . . . ." The trial court correctly dismissed the count for false imprisonment since the complaint was valid under the relevant statutes applicable at the time when the offense was committed. Laws 1942, 459:7 (RSA 590:7, repealed November 1, 1973); *see* RSA 629:1 I; RL 96:1 (RSA 584:1, superseded by RSA 634:1 I, November 1, 1973); *see State v. Inselburg,* 114 N.H. 824, 827, 330 A.2d 457, 460 (1974); *Hickox v. J.B. Morin Agency, Inc.,* 110 N.H. 438, 442-43, 272 A.2d 321, 324 (1970).

## II. Evidentiary Rulings

Plaintiff further maintains that the trial court erred in admitting allegedly irrelevant testimony by the defendant that the mouth of his car's gas tank was filled with cement on April 14, 1969, and that he received anonymous, threatening telephone calls in August. To be admissible into evidence testimony must have some tendency to establish a fact of consequence to the determination of the action. J. McCormick, Evidence § 185, at 437 (E. Cleary ed. 1972); 1 J. Wigmore, Evidence § 9, at 289 (1940); see Fed. R. Evid. 401, 402; James, *Relevancy, Probability and the Law,* 29 Calif. L. Rev. 686, 690-91 (1941).

In an action for malicious prosecution an element essential to a resolution of the case is a showing that the criminal proceeding was initiated by the defendant without probable cause. W. Prosser, Torts § 119, at 841 (1971); *MacRae v. Brant,* 108 N.H. 177, 180, 230 A.2d 753, 755 (1967); 1 F. Harper and F. James, Law of Torts § 4.5, at 311 (1956). In light of the repeated threats made by the plaintiff against the defendant in April and in August 1969, Bergeron's testimony regarding events that happened to him during that period was relevant to his reasonable belief in Welch's guilt, and, therefore, the trial court did not err in admitting it. *Id.; see Cohn v. Saidel,* 71 N.H. 558, 564, 53 A. 800, 803 (1902).

Plaintiff also contends that evidence regarding who prepared the complaint signed by the defendant should have been excluded by the trial court since it was immaterial. Materiality is a necessary aspect of relevancy: evidence offered to prove a fact that is not in issue is immaterial. J. McCormick, Evidence § 185, at 434 (E. Cleary ed. 1972); see James, *Relevancy, Probability and the Law,* 29 Calif. L. Rev. 689, 690-91 (1941). To succeed in his action for malicious prosecution, plaintiff had the burden of proving that defendant instituted the criminal proceeding "maliciously". *Robinson v. Fimbel Door Co.,* 113 N.H. 348, 350, 306 A.2d 768, 769 (1973); W. Prosser, Torts § 119, at 847 (1971); 1 F. Harper and F. James, Law of Torts § 4.6, at 320 (1956). Testimony that the defendant did not ask the attorney general's office to prepare the complaint against plaintiff was material to the jury's determination whether the defendant acted with malice. W. Prosser, *supra* at 848; F. Harper and F. James, *supra* at 322-23.

In addition, the plaintiff claims that the trial court erred in excluding evidence that the charge of attempted arson against him was dismissed at the end of the State's case in the superior court. Since

the trial court grounded its decision on the fifth stipulation of the pretrial order which stated that "plaintiff's claim . . . is not based on the fact that the indictment in the superior court was dismissed at the conclusion of the prosecution's case", there was no error in the exclusion. RSA 491:App. R. 59(a) (3), (b) (Supp. 1973); *see* Fed. R. Civ. P. 16(3); 3 J. Moore, Federal Practice § 16.19, at 1130 (1974) (Supp. 1975, at 104); M. Rosenberg, The Pretrial Conference and Effective Justice 8 (1964).

### III. Failure to Give Requested Jury Instructions

Finally, plaintiff argues that the trial court erred in failing to give several jury instructions. Since testimony elicited by the court itself indicated that the defendant did not ask the attorney general to prepare the criminal complaint against the plaintiff, it would have been contrary to the evidence for the trial court to have instructed the jury as requested that "Roland E. Bergeron procured and instituted criminal proceedings against plaintiff, Harold C. Welch."

Plaintiff also asked the court to instruct the jury that the district court's failure to find probable cause that he committed the crime of attempted arson is prima facie evidence that the defendant lacked probable cause to charge him with the crime. (Plaintiff's Request for Instructions, No. 3). In the absence of other evidence of probable cause, a discharge by a magistrate upon a preliminary hearing is conclusive of the lack of probable cause. W. Prosser, Torts § 119, at 845 n.35 (1971); Restatement of Torts § 663 (1) (1938, Supp. 1965, at 291); Annot., 59 A.L.R.2d 1413, 1422 (1958); 1 F. Harper and F. James, Law of Torts § 4.5, at 318 (1956). In this case, however, the subsequent indictment of the plaintiff by the Hillsborough County grand jury and the testimony of several witnesses that plaintiff made repeated threats against defendant just prior to the attempted arson on August 13, provided sufficient evidence of probable cause to sustain the trial court's refusal to give the requested instruction. *See* W. Prosser, Torts § 119, at 844 (1971); Restatement of Torts § 664 (2) (1938, Supp. 1965, at 292); Annot., 59 A.L.R.2d 1413, 1436 (1958); 1 F. Harper and F. James, Law of Torts § 4.5, at 318 (1956); *Perreault v. Lyons,* 99 N.H. 169, 170, 106 A.2d 380, 381 (1954).

While it is the rule that an inference of malice may be drawn from a lack of probable cause, the trial court's failure to so instruct the jury was not erroneous in this case since the plaintiff did not

184

specifically request an instruction to that effect and because its instructions adequately informed the jury on the essential elements of the law governing the case. *See Coos Lumber Co. v. Builders Lumber and Supply Co.*, 105 N.H. 323, 326-27, 199 A.2d 545, 547 (1964); Restatement of Torts § 669 (1938, Supp. 1965, at 296); *Cohn v. Saidel*, 71 N.H. 558, 565, 53 A. 800, 804 (1902).

*Exceptions overruled; judgment for the defendant.*

DUNCAN, J., and GRIFFITH, J., did not sit; the others concurred.