Belknap
No. 78-092

### SARGENT LAKE ASSOCIATION

v.

### ARNOLD DANE, & a.

October 30, 1978

*Wiggin & Nourie*, of Manchester (*Gordon A. Rehnborg, Jr.*, orally), for the plaintiff.

*Arnold Dane*, of Marblehead, Massachusetts, pro se, on brief and *John P. Shea*, of Manchester, orally for the defendants.

BOIS, J. This is a bill in equity seeking, in part, to require the defendants to repair and restore a dam on Sargent Lake.

The case was before us previously. Our first decision held that the defendant successor developer was required to convey a certain dam to the plaintiff, an association of property owners. We further held that the plaintiff association was entitled to be reimbursed for the expenses incurred for repairs occasioned as a result of defendants' failure to perform reasonable maintenance after the association had been formed and a demand made for conveyance of the dam. We remanded the case to the master to determine when the plaintiff had demanded the conveyance and the extent of permissive waste that had occurred between the time of the demand and ultimate conveyance. *Sargent Lake Ass'n v. Dane*, 116 N.H. 19, 351 A.2d 54 (1976).

After trial the Master (*Mayland H. Morse, Jr.*, Esq.) found that the plaintiff had demanded the conveyance in 1970; thereby establishing 1970 to 1973 as the period of permissive waste chargeable to the defendants. The master further found that the damages sustained were $3,253, one-half the cost of the repairs to the dam for which plaintiff contracted after it had acquired title. The master's recommendation was approved by *Keller*, C.J.

During the course of the trial, the defendants seasonably excepted to certain rulings of the court; to the denial of certain of their requests for findings of fact; and to the report and the recommended award as contrary to the law and the evidence. All questions of law raised were reserved and transferred by *Batchelder*, J. We overrule defendants' exceptions.

"Credibility as well as weight given to testimony is a question of fact for the court and if the findings could reasonably be made on all the evidence they must stand." *Gordon v. Gordon*, 117 N.H. 862, 865, 866, 379 A.2d 810, 813 (1977); *Archambault v. Adams*, 118 N.H. 634, 392 A.2d 139 (1978).

In the present case, not only the testimony of the plaintiff's witness, but also that of the defendant Arnold Dane himself,

supports the finding that the demand for conveyance occurred in 1970. On the issue of damages, the master heard detailed testimony from four different witnesses, including a State engineer who was an expert on dam construction. On the basis of that testimony the master found that although the dam had been in a deteriorating condition for years, the deterioration had accelerated between 1970 and 1973, and was "effectively assured by the total lack of any responsible periodic maintenance or repairs by the defendants." A review of the record reveals no errors of law and ample evidence to support the master's findings and so they must stand.

 Although several different reasonable calculations of damages could have been reached based on the evidence presented, it is not our function to evaluate the facts and determine the damages as if we were sitting as the trier of fact. Our only function is to determine whether a reasonable man could have reached the same decision as the master on the basis of the evidence before him. Employing this standard of review, we uphold the master's award of damages.

*Exceptions overruled.*

All concurred.