Hillsborough
No. 78-167

ERIN REALTY CO., & a.

v.

688 PROPERTIES

December 20, 1978

*Kfoury & Williams*, of Manchester (*Joseph Williams* orally), for the plaintiff.

*O'Neill, Backus & Spielman*, of Manchester (*Robert A. Backus* orally), for the defendant.

GRIMES, J. This is a declaratory judgment action under RSA 491:22 seeking definition of a term in a commercial lease. The issue presented is whether the trial court erred in ruling that the term "lessor's cost of acquisition" included the cost of a second mortgage on the property. We hold that the ruling below was correct.

The plaintiffs in this case, Erin Realty Co. and Erin Food Services, Inc., are affiliated companies formed for the purpose of operating the "Burger King" franchise in New Hampshire. For purposes of discussion, future references to the plaintiff should be read to mean Erin Food Services, Inc., for that entity is, in fact, the real party in interest. In 1973, the plaintiff entered into an "agreement to build and lease" with the defendant, 688 Properties. Under this contract, 688 was to acquire land and build and lease a restaurant to the plaintiff, and plaintiff was given an option to purchase the property at "Lessor's [688's] cost of acquisition of the land, . . . site improvements and building construction, increased at the rate of five percent (5%) per annum." The rent was set at twelve percent (12%) of the lessor's cost of acquisition and construction. The present dispute arose when the plaintiff purported to exercise its option to purchase and the parties could not agree upon the required price. The disputed sums were placed in an escrow account and this action was instituted.

688 originally purchased the property at a cost of $152,500 from a Mr. Lehouillier, who took a second mortgage from 688 in the amount of $52,500. Payments on this second mortgage were to be made by the plaintiff, the intended lessee. In fact, it was plaintiff's principal, Mr. Murray, who arranged the purchase and the second mortgage. The cost of construction was $240,000. What is disputed is whether the "lessor's cost of acquisition" is $392,500 or $340,000, it being plaintiff's claim that no consideration should be given to the $52,500 second mortgage. A hearing before a Master (*Charles T. Gallagher*, Esq.) resulted in a finding that the proper figure was $392,500, and a decree was entered in favor of the defendant. Plaintiff's exceptions were transferred by *Flynn*, J.

During the term of the lease, the plaintiff paid rent at twelve percent of $340,000 rather than at twelve percent of $392,500. It is on this basis that plaintiff argues the parties contemplated that the "lessor's cost of acquisition" was the lower amount. Nevertheless, there is evidence in the record to indicate that the arrangement for the plaintiff to make the payment on the second mortgage directly to the mortgagee was, in actuality, only an accommodation to the plaintiff to avoid the expense of the increase in rent over the mortgage payment obligation.

On the basis of the record before us, we cannot say that the master erred in finding that the cost of acquisition was $392,500 and not $340,000. *Sargent Lake Ass'n v. Dane*, 118 N.H. 720, 393 A.2d 559 (1978). Contrary to plaintiff's contention, the fact that plaintiff made payments directly to Lehouillier in order to effect a rental savings is not inconsistent with the master's construction of the agreement; defendant was the primary obligor on the mortgage and the $52,500 was clearly part of the "lessor's cost of acquisition."

Nor do we find error in the master's exclusion of Lehouillier's testimony that in seeking security for his loan he looked to Murray's ability to pay the loan and not to the property itself. The issue was not whether Lehouillier had confidence in Murray, but whether the mortgage was part of defendant's "cost of acquisition." The excluded testimony was immaterial. *See generally*, *Welch v. Bergeron*, 115 N.H. 179, 182, 337 A.2d 341, 344 (1975). In any event, the fact that Murray guaranteed the notes did not lessen the obligation of the defendant.

*Exceptions overruled.*

All concurred.