Rockingham
No. 79-435

RICHARD W. JENNEY

v.

GEORGE K. VINING & a.

May 12, 1980

*Winer, Lynch, & Pillsbury*, of Nashua (*Robert W. Pillsbury* orally), for the plaintiff.

*Robert G. Senn*, of Nashua, by brief and orally, for the defendants.

KING, J. This is an appeal from a recommendation of the Master (*Charles T. Gallagher*, Esq.) and a decree of the Superior Court (*Mullavey*, J.) denying a petition to set aside a fraudulent conveyance by defendant, George K. Vining, to defendant, Judith Vining, of his interest in a jointly owned family home by deed dated May 1, 1973. We uphold the master's findings and affirm the court's decree.

The defendants, George K. Vining and his wife, Judith, purchased a home in 1966. In 1972, George decided to enter the real estate business and later incorporated Sean Realty Corporation. John Galt, a principal of Sean Realty, engaged the corporation in the construction business in the summer of 1973 without George's knowledge. After George learned of his partner's activities, George and Galt formed an organization known as G &

V Construction to operate the construction business. This enterprise lost large amounts of money, including money advanced by Sean Realty. The plaintiff, Richard W. Jenney, signed a note on February 7, 1974, as an accommodation to the defendant, George Vining, and to John Galt, in an attempt to carry the business through to the completion of an unprofitable contract.

George was discharged in bankruptcy on February 21, 1975. The plaintiff settled his liability on the note for $15,000 plus interest and now seeks to retrieve George's interest in a home which he had held jointly with his wife, Judith. George had conveyed that interest to Judith in May, 1973. The plaintiff seeks relief under the provisions of the fraudulent conveyances act, RSA ch. 545.

The plaintiff claims that George's conveyance to Judith in May, 1973 was made without fair consideration and that it rendered George insolvent, thereby making the transaction fraudulent under RSA 545:4. RSA 545:4 provides that a "conveyance made . . . by a person who is or will be thereby rendered insolvent is fraudulent . . . if . . . the obligation is incurred without a fair consideration." The plaintiff contends that the master erred in finding that George was solvent at the time he conveyed his joint interest to his wife on May 1, 1973.

A master's determinations will not be overturned unless they are unsupported by the evidence or erroneous as a matter of law. *Zuk v. Hale*, 114 N.H. 813, 330 A.2d 448 (1974). The function of this court is to determine whether a reasonable man could have reached the same decision as the master on the basis of the evidence before him. *Sargent Lake Association v. Dane*, 118 N.H. 720, 393 A.2d 559 (1978).

Although the transfer significantly reduced George's assets, there is evidence in the record that he was not insolvent at the time he conveyed his joint interest. He had $200 cash on hand, access to a joint checking account to which his wife contributed her earnings, owned accounts receivable of $3,000 and other sums owed by clients of his accounting business. In addition, there was testimony that Sean Realty Corporation experienced improved revenue after March 1973 and earned a profit of $2,024 in the month of May, 1973. Although there is scant evidence of liabilities maturing in May, 1973 from which the master could make the determination whether debts outweighed assets, the record does disclose that the debts were paid according to their terms until

"the latter part of 1973." We conclude, therefore, that there was sufficient evidence to support the master's finding that George was solvent before and after the conveyance.

The plaintiff next claims that the transfer to Judith left George with property that was unreasonably small capital for the business in which he was engaged or in which he was about to engage, and thereby rendered the transfer fraudulent under RSA 545:5. This provision provides that:

> Every conveyance made without fair consideration, when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction, without regard to his actual intent.

The plaintiff argues that George had no capital with which to conduct his business, nor any prospect of acquiring capital, and that the defendant's sole asset was the interest in the house.

The master, however, concluded that George was not left by the transfer with an unreasonably small capital for the enterprises that he was engaged in or contemplated being engaged in. The plaintiff claims the master erred in measuring the adequacy of capital held by George immediately after the May 1, 1973, conveyance against the reasonable requirements of Sean Realty Corporation during the period January 1973 through September 1973, rather than against G & V Construction Company Inc. with which he first became involved in September 1973.

What is unreasonably small capital within the meaning of RSA 545:5 depends on the nature of the enterprise in which one is engaged. *Zuk v. Hale*, 114 N.H. at 816, 330 A.2d at 451. Such a determination cannot be determined by comparing an entirely different business, the existence of which, the master found on the evidence, was not in contemplation or existence at the time of conveyance. We affirm the master's finding that following the May 1973 transfer, Sean Realty Corporation was adequately capitalized. Evidence indicates that the corporation's demise was not due to undercapitalization but to a problem that later developed with G & V Construction Company Inc. For these reasons, the plaintiff's claim that the transfer was fraudulent also fails.

■ Lastly, the plaintiff claims that the defendants made the transfer with actual intent to hinder, delay and defraud present and future creditors, thereby rendering the transfer fraudulent under RSA 545:7. The master found on the evidence, however, that George conveyed his interest to accommodate Judith's demand that her property interest be protected. The master found that "strains" in the marriage in fact existed and that while "they do not create a fair consideration for the transfer, they do have a bearing on the defendant's motives in making the transfer and they cast doubt that the defendant's motives were" fraudulent.

■ It is incumbent upon the plaintiff to show by clear, convincing and direct evidence the existence of fraud or actual fraudulent intent. *Hoyt v. Horst*, 105 N.H. 380, 201 A.2d 118 (1964); *Ibey v. Ibey*, 93 N.H. 434, 43 A.2d 157 (1945). The plaintiff must therefore prove that George Vining had an actual intent to hinder creditors when making the subject conveyance. Based on the evidence, the master concluded that the plaintiff had not sustained the burden of proving that the transfer was made with actual intent to hinder, delay and defraud creditors. We hold that there was sufficient evidence on the record to support the master's finding that the plaintiff had not sustained his burden of proof.

*Affirmed.*

BROCK, J., did not sit; the others concurred.