Hillsborough
No. 80-176

CHAGNON LUMBER CO., INC.

v.

ALLAN P. DeMULDER & a.

March 11, 1981

*Winer, Lynch & Pillsbury,* of Nashua (*Robert W. Pillsbury* orally), for the plaintiff.

*Thomas J. Hammond,* of Manchester, by brief and orally, for the defendants.

GRIMES, C.J.    This is a suit to set aside an allegedly fraudulent conveyance by the defendant Allan P. DeMulder to the defendant Janice DeMulder of his interest in their jointly owned home. The trial court found for the defendants. We affirm.

Allan DeMulder was a self-employed framing contractor from 1972 to sometime in 1974. During this time, he purchased lumber and other supplies for his business from the plaintiff, Chagnon Lumber Company, Inc. Allan's business did not prosper, and by December 1973, he owed the plaintiff approximately $5,500. He also had incurred other business debts, and, as of February 1974, several of his other business creditors had attached the family home. On February 21, 1974, Allan conveyed his interest in the real estate by deed to his wife, Janice.

The plaintiff then sought relief under the Uniform Fraudulent Conveyances Act, RSA ch. 545. At trial, Allan testified that the property was worth approximately $25,000 and that he and his wife, at the time of the transfer, owed $16,000 or $17,000 on the property, thus reflecting an equity of $8,000–$9,000 in the real estate. The deed stated that the consideration for the transfer from Allan to Janice did not exceed $100. Allan also testified, however, that the conveyance was made in exchange for his wife's promise to obtain a second mortgage loan on the property in the largest amount possible and apply the money received under the mortgage loan to the payment of her husband's business debts. The evidence

shows that Janice has fulfilled this promise and that the mortgage loan money, which totalled $10,000, has been paid to certain of the attaching creditors. In an order dated March 17, 1980, the Trial Court (*Bean,* J.) ruled that the conveyance was not in fraud of creditors because there was fair consideration for the transfer. The court also stated that the defendants had prevailed in a previous action brought by another of Allan's creditors to set aside the conveyance in question and that, therefore, "[u]nder the doctrine of collateral estoppel, the plaintiff here cannot once again raise the issue of a fraudulent conveyance." The plaintiff appealed these rulings.

■   Absent an abuse of discretion, we will not overturn the trial court's findings "unless it clearly appears they were made without evidence. . . ." *Kierstead v. Betley Chevrolet-Buick, Inc.,* 118 N.H. 493, 497, 389 A.2d 429, 432 (1978), *quoting Eichel v. Payeur,* 107 N.H. 194, 196, 219 A.2d 287, 288 (1966); *Wheeler v. State,* 115 N.H. 347, 350, 341 A.2d 777, 780 (1975), *cert. denied,* 423 U.S. 1075 (1976). Our function is to ascertain whether a reasonable person could have reached the same decision as the trial judge on the basis of the evidence. *Shaka v. Shaka,* 120 N.H. 780, 782, 424 A.2d 802, 803 (1980).

■   The plaintiff contends that the conveyance at issue is invalid under RSA 545:4 and RSA 545:5, which render certain conveyances made without a fair consideration fraudulent as to creditors, without regard to the grantor's actual intent. RSA 545:3 provides in part:

> "Fair consideration is given for property or obligation:
> I. When in exchange for such property or obligation, as a fair equivalent therefor, and in good faith, property is conveyed . . . ."

The defendants argue that Janice's promise to encumber her property with a second mortgage and use the mortgage loan money to pay Allan's business debts is fair consideration. We agree that it is.

■   An executory promise may be "property" and "fair consideration" under the statute. *Freitag v. The Strand of Atlantic City,* 205 F.2d 778, 784 (3d Cir. 1953); *Schlecht v. Schlecht,* 168 Minn. 168, 176–77, 209 N.W. 883, 886–87 (1926); *Osgood v. Insurance Co.,* 93 N.H. 160, 162, 37 A.2d 12, 13 (1944). *Contra, Running v. Widdes,* 52 Wis. 2d 254, 259–60, 190 N.W.2d 169, 172–73 (1971).

Thus, the fact that the alleged consideration is executory in nature does not prevent it from being consideration.

In this case, Allan conveyed to Janice his interest in a house with a combined equity of approximately $9,000. At the time of the transfer, then, Janice could reasonably expect, and had the apparent ability, to obtain a second mortgage loan in the amount of that equity. Her promise to do so and to use the money obtained thereby to satisfy Allan's debts is certainly "a fair equivalent" for Allan's transfer of his one-half interest in the equity. The fact that Janice has fully performed her part of the bargain demonstrates that the consideration was given "in good faith" on her part, as required by the statute. Consequently, we uphold the trial court's finding that Allan received "fair consideration" for the conveyance and, therefore, hold that the transfer is not invalid under RSA 545:4 or RSA 545:5.

■ The plaintiff next argues that the conveyance was made with actual intent to hinder, delay or defraud creditors and is therefore fraudulent under RSA 545:7 even if the grantee has paid a fair consideration. The trial court did not make any express finding with respect to fraudulent intent on the part of the defendants, although the plaintiff did request a finding that the conveyance was made with such intent. We assume, however, that the court found that the defendants did not make the transfer with intent to defraud creditors, because such an implied finding is necessary to support the court's general ruling. *Beaudoin v. Beaudoin*, 118 N.H. 325, 328, 386 A.2d 1261, 1263 (1978); *see State v. McCarthy*, 117 N.H. 799, 801, 379 A.2d 1251, 1252 (1977).

■ The plaintiff has the burden of proving by clear, convincing and direct evidence the existence of a fraudulent intent. *Jenney v. Vining*, 120 N.H. 377, 381, 415 A.2d 681, 683 (1980); *Hoyt v. Horst*, 105 N.H. 380, 390, 201 A.2d 118, 125 (1964). The conveyance in question was made with a view towards repaying those of Allan's creditors who had attached the defendants' home. Instead of hindering or defrauding creditors, this transfer enabled the defendants to satisfy at least some of Allan's debts. *Cf. Zimmer v. Lang*, 120 N.H. 555, 419 A.2d 400 (1980). Under these circumstances, we conclude that the plaintiff has not met its burden of proving a fraudulent conveyance under RSA 545:7 and that, therefore, the trial court could reasonably find for the defendants on this issue.

Finally, the plaintiff contends that the trial court erroneously applied the doctrine of collateral estoppel in this case. Even assuming that the plaintiff is correct in its contention, the trial court's decision can still be sustained on the ground that the conveyance in question did not violate RSA ch. 545. Consequently, we need not decide whether the trial court erroneously invoked the collateral estoppel doctrine, and we uphold the decision below. *Burns v. Bradley*, 120 N.H. 542, 547, 419 A.2d 1069, 1072 (1980).

*Affirmed.*

BOIS, J., did not sit; the others concurred.