Cheshire
No. 85-376

### H. HAMILTON CHASE AND DOROTHY G. CHASE

v.

### JOSLIN MANAGEMENT CORP. AND KEENE CHURCH OF THE NAZARENE

July 17, 1986

*Edward J. Burke*, of Keene, by brief and orally, for the plaintiffs.

*Lane & Lane*, of Keene (*Howard B. Lane, Jr.*, on the brief and orally), for the defendant Joslin Management Corp.

*Michael P. Bentley*, of Keene, by brief and orally, for the defendant Keene Church of the Nazarene.

KING, C.J.   The defendants appeal an order of the Superior Court (*O'Neil*, J.) granting an injunction to enforce certain restrictions limiting the use of land owned by Keene Church of the Nazarene (the Church). The order required Joslin Management Corp. (Joslin) and the Church to remove a roadway, culvert, and pine tree shield from the Church's property and to restore the ground to its prior condition. We affirm the order for removal of the roadway and culvert and for restoration of the property, and we reverse the order to the extent that it requires removal of the trees.

The Church and the plaintiffs own adjacent parcels of land on Maple Avenue in Keene. Both properties are subject to restrictive covenants, which provide, *inter alia*, that: (1) no building shall be erected other than one detached single family dwelling, a private garage and a children's playhouse; (2) the lots shall not be subdivided; (3) the land must be landscaped, seeded, and maintained in a well-kept condition; and (4) the purpose of the restrictive covenants is to insure the continuation of the land as first class residential property. The record indicates that these covenants "were waived to some extent" when the Church received its property. Abutting both lots is land owned by defendant Joslin. Joslin constructed apartment buildings on its property, which is not subject to the above covenants,

Although Joslin originally planned access to its apartments from Park Avenue, which runs behind the Church, the defendants agreed in August 1984 that Joslin could construct an access road across the Church's land from Maple Avenue to Joslin's property. Contending that the roadway violated the aforementioned covenants, the plaintiffs obtained *ex parte* relief against construction of the road. The order was vacated, however, following a hearing on temporary

injunctive relief. Joslin built the road on the border of the Church's property that abuts the plaintiffs' land and planted trees alongside as a shield. The record indicates that the Church intends to grant Joslin an easement over its land for the roadway if it is determined that the roadway does not violate the restrictive covenants.

The parties submitted the case for decision upon an agreed statement of facts. The defendants did not dispute the applicability of the covenants to the property in question, nor did they challenge the plaintiffs' right to injunctive relief upon a finding of a violation of one of the covenants. After viewing the property, the trial court ruled that the roadway violates the intent of the original grantor to limit the property to single-family residential use. The court additionally found that a subdivision, "as contemplated by the covenants," had been created. On appeal, the defendants contend that these rulings are erroneous and challenge the scope of the court's order.

"[C]ases involving restrictive covenants present such a wide spectrum of differing circumstances that each case must be decided on its own facts." *Joslin v. Pine River Dev. Corp.*, 116 N.H. 814, 816, 367 A.2d 599, 601 (1976). The trial judge has discretion to determine whether the principles of equity mandate the granting of an injunction in the circumstances of a particular case. *Gauthier v. Robinson*, 122 N.H. 365, 368, 444 A.2d 564, 566 (1982). We will uphold the findings and decision of the court below unless they are unsupported by the evidence or are erroneous as a matter of law. *Id.* at 369, 444 A.2d at 566.

The trial court properly considered the restrictive covenants as a whole to determine the intent of the grantor. *See Joslin, supra* at 817, 367 A.2d at 601. The grantor specified that only three types of structures could be built on the property: "one detached single family dwelling, a private garage for not more than three cars, [and] a children's playhouse of suitable construction." In addition, the grantor required the remaining land to be landscaped. These restrictions lend themselves to only one interpretation—that the grantor intended to limit use of the property to a single-family residence and appurtenances thereto. Any doubt that remains as to this interpretation is resolved by the grantor's statement that "[t]he purpose of these restrictive covenants is to insure the continuation of this land as a first class residential property." The trial court, having viewed the property, concluded that the use of part of the Church's land for an access road to serve adjacent apartment buildings violated the intent of the grantor. We cannot say that this ruling was erroneous.

The trial court also concluded that the access roadway constitutes a subdivision of the Church's property within the meaning of the restrictive covenant. We need not consider the validity of this finding because the trial court's determination that the roadway violated the residential use covenants is sufficient to support its order. We read the court's statement that a physical separation of the plot had been effected, thereby making that part of the premises unavailable for any use other than as an access road, as further support for the court's conclusion that the roadway is inconsistent with single-family residential use.

The court ordered the defendants to remove the trees and roadway, finding that Joslin would not be unduly burdened if required to use the originally proposed access. By motion to set aside the verdict and for reconsideration, the Church argued that even if Joslin cannot use the roadway to furnish access to the apartment complex, the Church is entitled to use the road for its own purposes. In addition, the Church asserted its right to have trees on its property. The court denied the motion.

On appeal, the Church renews its objections to the court's order, claiming that the order violates part I, article 12 of the New Hampshire Constitution by interfering with its right to enjoy reasonable use of its property. Because the constitutional issue was first raised on appeal, we limit our review to the issue presented below; *i.e.*, the scope of the trial court's order. *See Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983).

■ The agreed statement of facts contains no information concerning the suitability of the road for use by the Church. Nonetheless, the trial judge had the benefit of viewing the roadway before deciding whether to order its removal. Based on the view, the court apparently concluded that the road was inappropriate for use as access to the Church's property and that it further violated the covenant requiring the property to be landscaped. We decline to second-guess the judgment of the trial court, made on the basis of the view, and therefore uphold its finding. *See Chagnon Lumber Co., Inc. v. DeMulder*, 121 N.H. 173, 175, 427 A.2d 48, 50 (1981).

■ The plaintiffs concede, however, that the trees need not be removed. The Church alleges that it planned in any event to plant trees for privacy purposes. Because landscaping is clearly permitted by the covenants in question, the trees can remain on the property.

*Affirmed in part and reversed in part.*

All concurred.