Jeffrey MacDOWELL, Gloria MacDowell

v.

MANCHESTER FIRE DEPARTMENT, City of Manchester, Roger Paradis.

Civ. No. 90–108–S.

United States District Court, D. New Hampshire.

Dec. 14, 1990.

---

**42**

Francis G. Murphy, Jr., Manchester, N.H., for plaintiffs.

William A. Grimes, Manchester, N.H., for defendants.

## ORDER

STAHL, District Judge.

In this civil action, plaintiffs Jeffrey Mac-Dowell and Gloria MacDowell allege that Manchester fire captain Roger Paradis offended the United States Constitution when he allegedly provoked a fight with Manchester fireman Jeffrey MacDowell.[1] Plaintiff Jeffrey MacDowell seeks damages for injuries sustained from this alleged incident. Plaintiff Gloria MacDowell seeks damages for loss of consortium. Defendants now move to dismiss the action, arguing that plaintiffs have failed to state a claim upon which relief can be granted.

In considering a motion to dismiss for failure to state a claim for relief, the Court's consideration is limited to the allegations contained within the complaint. *Litton Industries v. Colon*, 587 F.2d 70, 74 (1st Cir.1978). Those allegations are construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove. *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir.1987). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). *See also V.S.H. Realty v. Texaco*, 757 F.2d 411, 414 (1st Cir.1985).

### 1. Background

Plaintiff Jeffrey MacDowell has been employed as a fire fighter with the Manchester, New Hampshire, fire department for more than eight years. He was transferred to Manchester's Fire Station 3 in October 1989. Defendant Roger Paradis was captain of Station 3 at that time.

Shortly after plaintiff began working at Fire Station 3, Captain Paradis accused him of leaving scuff marks on the station house floor. Plaintiffs assert that "[d]uring November of 1989, the Defendant Roger Paradise [sic] became increasingly and unreasonably fixated on the presence of scuff marks on the floor of his station house." Complaint, ¶ 11. Fireman MacDowell alleges that defendant Paradis ordered him into a private office at Station 3 on December 8, 1989. After the two arrived at the office, MacDowell claims:

> The Defendant Roger Paradise closed off all the doors to his private offices, following which he verbally abused him in an irrational manner, and he invited Jeffrey MacDowell to engage in a fight and altercation.

> The Plaintiff Jeffrey MacDowell refused to engage Defendant Roger Para-

---

1. This action, asserted under authority of 42 U.S.C. § 1983, alleges violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is grounded upon 28 U.S.C. §§ 1331, 1342(1), (3). Plaintiffs also pursue pendent state claims.

dise in an altercation and wholly failed to do anything to provoke the Defendant Roger Paradise.

After the Plaintiff Jeffrey MacDowell refused to engage in an altercation and after he observed that the Defendant Roger Paradise was becoming increasingly agitated, the Plaintiff Jeffrey MacDowell attempted to leave the private office.

The Defendant Roger Paradise intentionally, purposely blocked off all passages to exit his private office and as the Plaintiff Jeffrey MacDowell attempted to open one of the closed doors, he was grabbed by the Defendant Roger Paradise and thrown to the floor. As the Plaintiff Jeffrey MacDowell repeatedly attempted to get up and leave the private office to avoid further detention and assaults, he was repeatedly thrown, kicked and thrashed by the Defendant, Roger Paradise.

Complaint, ¶¶ 15–19.

In March 1990, plaintiffs filed the instant action against the City of Manchester, the Manchester Fire Department, and Roger Paradis.

## 2. Discussion

Defendants' motion to dismiss contains a laundry list of arguments—some of which are based upon insubstantial authority[2] and authority irrelevant to this civil action.[3] The arguments that raise substantial challenges to the complaint are addressed below.

### a. Color of State Law

■ To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). A defendant in a § 1983 suit acts under color of state law "when he abuses the position given to him by the State." *West v. Atkins*, 487 U.S. 42, 50, 108 S.Ct. 2250, 2255–56, 101 L.Ed.2d 40 (1988). Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law. *Id.* Defendants argue that this action must be dismissed because the actions of Roger Paradis were not made under color of state law.

■ The parties before the Court do not contest the fact that Captain Paradis was on duty at Station 3 when the confrontation occurred. It is well established that "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941). *See also Faucher v. Rodziewicz*, 891 F.2d 864, 868 (11th Cir.1990). (Executive director and clinical director of anesthesia in a public hospital both were involved integrally in management and administration of the hospital and acted under color of state law for purposes of an action brought under § 1983.) The Court concludes that Captain Paradis was acting in his capacity as Chief of Station 3 of the Manchester Fire Department when he performed the acts complained of, and accordingly, rejects defendants' first argument.

### b. Insubstantial Claim

■ Defendants further assert that the complaint should be dismissed because the plaintiff's claims are "insubstantial." The United States Supreme Court seems to have recognized that some claims may be

---

2. For example, defendants contend that the facts in this case fail to support plaintiffs' assertion that MacDowell was abducted. As authority for this contention, defendants paraphrase the definition of abduction contained in *Black's Law Dictionary*. Defendants' three-sentence argument on this issue is not persuasive.

3. For example, defendants contend that, "There was no false imprisonment." As authority for this contention, defendants rely on a New Hampshire criminal statute, RSA 633:3, which defines the misdemeanor of false imprisonment. Defendants make no attempt to explain why they believe that criminal standard should apply to this civil action.

so insubstantial that they do not implicate a federal right. *See Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666, 94 S.Ct. 772, 776, 39 L.Ed.2d 73 (1974). ("We think that the basis for petitioners' assertion that they had a federal right ... cannot be said to be so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy"); *Cloutier v. Town of Epping,* 714 F.2d 1184, 1188 (1st Cir.1983) (accord). Defendants have provided no factual support for this theory of dismissal. The Court therefore rejects defendants' contention that plaintiffs' claims are insubstantial.

### c. Eighth Amendment

■ Plaintiffs assert that the assault on Jeffery MacDowell violated MacDowell's Eighth Amendment right to be free from cruel and unusual punishment. Defendants move to dismiss this claim because there has been no allegation in the complaint that fireman MacDowell had been punished in a cruel and unusual fashion after being convicted of a crime.

It is well established that the Eighth Amendment is directed at the punishment imposed for the violation of a crime. *Ingraham v. Wright,* 430 U.S. 651, 667, 97 S.Ct. 1401, 1410, 51 L.Ed.2d 711 (1977). Therefore, the Eighth Amendment does not apply to the alleged altercation between Captain Paradis and fireman MacDowell. Plaintiffs' Eighth Amendment claim is dismissed.

### d. Procedural Due Process

Plaintiffs also assert that the actions of Captain Paradis violated MacDowell's Fourth Amendment right to be free from unreasonable restraints on his liberty and his Fourteenth Amendment right to due process of law. Defendants move to dismiss these claims, maintaining that state tort law provides an adequate post-deprivation remedy.

■ 42 U.S.C. § 1983 is not available to remedy the deprivation of all rights protected by constitutional due process. For example, in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court dismissed a § 1983 claim brought by a prison inmate who sued prison authorities for losing a $23.50 hobby kit. It reasoned that state tort claim procedures "could have fully compensated the respondent for the property loss he suffered, and ... are sufficient to satisfy the requirements of due process." *Id.* at 544, 101 S.Ct. at 1917.

■ In defendants' view, plaintiffs' § 1983 claim also must be dismissed because state tort law provides "adequate post deprivation remedies for any damages the plaintiffs may be able to prove." Defendant's Motion to Dismiss ¶ 6. *Parratt* does not, however, mandate the dismissal of all § 1983 actions that might also give rise to state tort claims. That interpretation of *Parratt* was rejected by the Supreme Court in *Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990), (availability of post-deprivation tort remedies *does not require dismissal of* § 1983 claim). Accordingly, the Court rejects this argument.

### e. False Imprisonment

Defendants also move to dismiss plaintiffs' claim for false imprisonment and abduction. In support of this motion, defendants assert that Captain Paradis had a valid, legal authority to control the movements of fireman MacDowell at Station 3, and that his alleged restraint of MacDowell therefore could not have been unlawful.

■ False imprisonment is a descendant of the action of trespass on the person. *Ferry v. Ferry,* 94 N.H. 395, 54 A.2d 151 (1947). It has been defined as the unlawful restraint of an individual's personal freedom. *Welch v. Bergeron,* 115 N.H. 179, 181, 337 A.2d 341, 343 (1975). An essential element of the offense is the absence of valid legal authority for the restraint imposed. *Id.*

■ Plaintiffs' have alleged that Captain Paradis ordered MacDowell to an office, closed off all doors to this office, verbally abused MacDowell in an irrational manner, and invited MacDowell to engage

in a fight. When MacDowell attempted to leave the room, Paradis allegedly blocked the doors and threw MacDowell to the floor. Accepting these allegations as true, the Court finds that plaintiff Jeffrey Mac-Dowell has stated a claim for false imprisonment.

### f. Liability of the City of Manchester and the Manchester Fire Department

Finally, defendants move to dismiss the claims against the City of Manchester and the Manchester Fire Department arguing that (1) these defendants cannot be held liable under the theory of *respondeat superior*, (2) Captain Paradis' actions do not flow from a custom or policy of the City of Manchester, and (3) Captain Paradis' actions were not that of a final policymaker for the municipality.

It is well settled that municipalities cannot be held liable under 42 U.S.C. § 1983 on the basis of *respondeat superior. Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). The touchstone of § 1983 actions against municipalities is an allegation that an official policy caused the deprivation of constitutional rights. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138, 108 S.Ct. 915, 931, 99 L.Ed.2d 107 (1988). The "official policy" requirement is designed to distinguish acts of the municipality from acts of its employees, and makes clear that municipal liability is limited to actions for which the municipality is actually responsible.

To maintain their § 1983 action against the City of Manchester, plaintiffs must satisfy two requirements:

First, the custom or practice must be attributable to the municipality. In other words, it must be so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice. Second, the custom must have been the cause of and the moving force behind the deprivation of constitutional rights.

*Bordanaro v. McLeod*, 871 F.2d 1151, 1156 (1st Cir.1989). Moreover, a city's failure to train or properly supervise municipal employees can yield liability against the city where that failure "reflects deliberate indifference to the constitutional rights of its inhabitants." *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 1206, 103 L.Ed.2d 412 (1989).

The allegations in plaintiffs' complaint satisfy these requirements. Plaintiffs claim that the City of Manchester and the Manchester Fire Department were aware of numerous prior occasions when Captain Paradis abused his authority and exhibited unstable and unreasonable behavior. Further, plaintiffs allege that notwithstanding its awareness of such conduct, the City of Manchester continued to promote Paradis through the ranks of the Manchester Fire Department. Therefore, the motion to dismiss plaintiffs' § 1983 action against the City and the Fire Department is denied.

### 3. Conclusion

For the reasons stated above, defendants' motion to dismiss (document no. 7) is denied except that those claims based on the Eighth Amendment are dismissed.

SO ORDERED.