Spaulding v. Newport                    CV-94-316-SD   12/23/96

UNITED STATES DISTRICT COURT FOR THE

                       DISTRICT OF NEW HAMPSHIRE


Bert Spaulding, Sr.


     v.                                        Civil No. 94-316-SD


Town of Newport;
Henry Rodeschin, individually
 and in his official capacity
 as Chairman of the Board of
 Selectmen of the Town of Newport



                            O R D E R


     This is a civil action in which plaintiff Bert Spaulding,

Sr., a selectman for the town of Newport, New Hampshire, asserts

various claims pursuant to 42 U.S.C. § 1983 (1994) and New

Hampshire law against Henry Rodeschin, chairman of the board of

selectmen; Arthur Bastian, chief of the police department; and

the Town of Newport.  His claims arise from his arrest at a

meeting of the board of selectmen at which he sought to

temporarily step down from his position on the board and speak as

a private citizen.

     The court granted in part and denied in a part a previous

motion for summary judgment filed by the defendants.  See Order

of January 31, 1996.  In said order, the court dismissed Counts

I, IV, V, and VII of plaintiff's complaint,[1] and otherwise denied defendants' motion. Presently before the court is a second motion for summary judgment filed by defendants Town of Newport and Henry Rodeschin on the remaining counts, in which they raise a mosaic of new issues and arguments recycled from their previous motion for summary judgment. Although the ten-day time period for reconsideration had elapsed before the time of defendants' filing, the court will address the bulk of defendants' arguments --both old and new--because defendants filed their motion within the period set forth in the court's order of March 11, 1996, granting them leave to supplement their arguments on certain issues.

## Background

On August 19, 1991, the town board of selectmen convened in Newport, New Hampshire, as was its regular practice. The evening's agenda was to begin with a "citizens' participation" segment in which local citizens could raise issues to and elicit answers from board members. Also scheduled for later in the evening was a "miscellaneous" period, reserved for agenda items brought by selectmen. Selectman Spaulding, a self-described

---

The granting of summary judgment as to such claims resulted in the dismissal of all claims against defendant Bastian.

"town gadfly," see Complaint ¶ 7, who had a decade-long history of confronting and challenging various branches of the town's government, including the zoning board and the planning board, as well as the board of selectmen itself, was seated in the audience.

The following recitation comes from the court's review of a videotape, which both sides agree adequately represents what transpired at the August 19 meeting. See Exhibit A (videotape) (attached to Defendants' Motion for Summary Judgment). Rodeschin, the board's chairman, called the meeting to order. Several members of the audience, including Spaulding, raised their hands. Rodeschin passed over Spaulding three times, favoring private citizens, who addressed the board on sundry matters.

Following the presentation by the third individual, Rodeschin turned to Spaulding and, after recognizing that Spaulding had raised his hand several times, said:

> As I have told you at the last meeting and as the minutes of our previous meeting show, we have adopted procedural rules as to when a selectman should address the board. I see no reason to change those rules; therefore, the rules are still in place. Therefore, if you would like to address the board you must take your rightful place with the board. And, you had your opportunity to make some comments under your agenda review to add or delete, and you had your right and will have your right to address the board under

3

> "miscellaneous" even though you choose to not
> sit at this table [at which other selectmen
> were seated]; therefore I am not going to
> recognize you. . . .

Spaulding responded, "I would like to read you a legal opinion . . . ." Rodeschin then stated that Spaulding was out of order; Spaulding continued to read from the legal opinion. At this point, in response to a motion by another selectman, Rodeschin immediately recessed the meeting. The meeting soon after reconvened when Spaulding's wife Jackie asked to be heard. When she began speaking, Spaulding stood in front of her and again began to read from the legal opinion.

Following an exchange between Spaulding and another selectman, Rodeschin again informed Spaulding that he would recognize him during the "miscellaneous" period. When Spaulding refused to keep silent, Rodeschin called for order several times and informed him that he would have to take the necessary measures to have Spaulding removed from the room. Then, looking at Bastian, Rodeschin said, "Chief, I ask that you help restore order to this meeting." Bastian approached Spaulding and requested that he leave the room. Instead of leaving, Spaulding inquired whether he was under arrest. Bastian said that Spaulding was under arrest for disorderly conduct. On the way out, Bastian removed from Spaulding's video camera a tape that had recorded the meeting up to the point of the arrest.

4

Spaulding brings suit pursuant to section 1983, claiming, inter alia, that defendants "unconstitutionally suppressed" his speech and arrested him without probable cause in violation of the First, Fourth, and Fourteenth Amendments to the Constitution. He further brings a conspiracy claim under section 1983 against all defendants, as well as state-law negligence claims.

Discussion

1. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Fed. R. Civ. P.; Lehman v. Prudential Ins. Co. of Am., 74 F.3d 323, 327 (1st Cir. 1996). Since the purpose of summary judgment is issue finding, not issue determination, the court's function at this stage "'is not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Stone & Michaud Ins., Inc. v. Bank Five for Savings, 785 F. Supp. 1065, 1068 (D.N.H. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

When the non-moving party bears the burden of persuasion at trial, to avoid summary judgment he must make a "showing sufficient to establish the existence of [the] element[s]

5

essential to [his] case." <u>Celotex Corp. v. Catrett,</u>, 477 U.S. 317, 322-23 (1986).  It is not sufficient to "'rest upon mere allegation[s] or denials of his pleading.'" <u>LeBlanc v. Great Am. Ins. Co.</u>, 6 F.3d 836, 841 (1st Cir. 1993) (quoting <u>Anderson</u>, <u>supra</u>, 477 U.S. at 256), <u>cert. denied</u>, ___ U.S. ___, 114 S. Ct. 1398 (1994).  Rather, to establish a trial-worthy issue, there must be enough competent evidence "to enable a finding favorable to the non-moving party."  <u>Id.</u> at 842 (citations omitted).

In determining whether summary judgment is appropriate, the court construes the evidence and draws all justifiable inferences in the non-moving party's favor.  <u>Anderson</u>, <u>supra</u>, 477 U.S. at 255.

### a.  <u>Count III: First Amendment</u>

Defendant Rodeschin and the town first argue that they are entitled to summary judgment on plaintiff's claims under the First Amendment because the no-selectmen rule is, on its face, a content-neutral time, place, and manner restriction regulating expressions in a public forum that was also narrowly tailored to serve a significant government interest and left open ample alternative channels of communication.  The court has previously found that, despite the apparent constitutionality of the rule, defendants may not avoid summary judgment because plaintiff had

submitted evidence of viewpoint animus sufficient to support a First Amendment violation. See Order of Jan. 31, 1996. However, for clarification purposes only, the court finds, essentially for the reasons outlined in the prior order, that the rule in question is facially constitutional. Nonetheless, Rodeschin and the town remain unentitled to summary judgment on plaintiff's claims under the First Amendment on this basis.

Defendant Rodeschin next argues that he is entitled to qualified immunity because he acted objectively reasonably, and he complains that the court erred by taking into consideration that he acted with the intent to suppress plaintiff's speech. Where, as here, however, a government official's state of mind is an essential component of the alleged constitutional violation, he or she would not necessarily be entitled to qualified immunity. See, e.g. Broderick v. Roache, 996 F.2d 1294, 1298 (1st Cir. 1993). In this case, not only is plaintiff's First Amendment claim inextricably intertwined with defendant's subjective intent, but the court also has previously ruled that plaintiff has submitted sufficient evidence of such intent to avoid summary judgment, see Order of Jan. 31, 1996. Accordingly, the court denies defendants' motion for summary judgment on plaintiff's claims under the First Amendment.

7

b.  Count II: Fourth, Fifth, and Fourteenth Amendments

Defendants next argue they are entitled to summary judgment on Count II of the complaint, which brings a claim under the Fourth, Fifth and Fourteenth Amendments.  Given the court's previous holding that plaintiff's arrest was supported by probable cause, see Order of Jan. 31, 1996, at 20, it follows that defendants Rodeschin and the town are entitled to summary judgment on plaintiff's claim under the Fourth Amendment.  Cf. Alexis v. McDonald's Restaurants of Massachusetts, Inc., 67 F.3d 341, 349 (1st Cir. 1995) ("The 'probable cause' analysis entails '"an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time" and not [an assessment of] the officer's state of mind at the time the challenged action as taken.'") (quoting Maryland v. Macon, 472 U.S. 463, 470-71 (1985) (quoting Scott v. United States, 436 U.S. 128, 136 (1978))).

As for plaintiff's Fifth Amendment due process claim, defendants rely on Albright v. Oliver, ___ U.S. ___, 114 S. Ct. 807 (1994), which held that "[w]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."  Id. at ___, 114

8

S. Ct. at 813 (quotations omitted). The court agrees with defendants that plaintiff has alleged the sort of governmental behavior that is more properly challenged under either the First or the Fourth Amendment, not under the Fifth and Fourteenth Amendments. Accordingly, the court grants defendants' motion for summary judgment on Count II.

### c.  Counts VI and VIII: Negligence

Defendants also argue they are entitled to summary judgment on plaintiff's negligence claims. In his objection, plaintiff clarifies that he has brought a garden-variety negligence claim against the defendants because their actions led to his arrest, detention, and criminal prosecution.

Plaintiff has not submitted a New Hampshire case recognizing the tort of negligent arrest, detention, or prosecution, nor has this court's research unearthed one. Accordingly, the court will construe plaintiff's claim as being one for either of two related but distinct torts: false arrest (also known as "false imprisonment" in New Hampshire) or malicious prosecution. Hickox v. J.B. Morin Agency, Inc., 110 N.H. 438, 442 (1970) (emphasizing that the two torts are distinct). See also Reid v. State of N.H., 56 F.3d 332, 341 (1st Cir. 1995) (noting that New Hampshire recognizes both torts).

9

The tort of false arrest involves "the unlawful restraint of an individual's personal freedom." Hickox, supra, 110 N.H. at 442; accord Welch v. Bergeron, 115 N.H. 179, 181 (1975). A necessary element of the claim is the absence of valid legal authority for the restraint imposed. See Welch, supra, 115 N.H. at 181. In contrast, the tort of malicious prosecution involves the "institution of criminal proceedings by valid process of law but with malice and without probable cause," Hickox, supra, 110 N.H. at 442. Given that the court has determined that plaintiff's arrest was supported by probable cause, plaintiff will be unable to satisfy the elements of the tort of malicious prosecution. Similarly, as to a claim for false arrest, the plaintiff has not argued, nor has he submitted, any evidence that his arrest was not pursuant to valid legal authority. Accordingly, the court grants defendants' motion for summary judgment as to Counts VI and VIII.[2]

## Conclusion

For the foregoing reasons, defendants' second motion for summary judgment (document 30) is granted as to Counts II, VI,

---

The court has reviewed defendants' remaining arguments, but finds them to be either mere repetitions of past contentions found unpersuasive or otherwise meritless.

10

and VIII, but is otherwise denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

December 23, 1996

cc:    Andrew L. Isaac, Esq.
       Michael Lenehan, Esq.

11